IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPITAL MANAGEMENT SERVICES, L.P., | ) |
| | ) TRIAL BY JURY DEMANDED |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, James A. Mitchem ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons to secure redress against an unlawful collection practice engaged in by Defendant Capital Management Services, L.P., ("Capital Management Services") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Illinois Collection Agency Act ("ICAA") 225 ILCS 425/1 *et seq*.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods which includes deceptive or misleading statements and the Act furthermore requires debt collectors to provide consumers with certain information. 15 U.S.C. §§ 1692d and 1692e.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (Supplemental Jurisdiction) as they arise out of a common nucleus of operative facts.

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendant transacts business in the District via the telephone lines; and

    c. Defendant's collection activities occurred within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Capital Management Services, L.P. is a limited partnership incorporated under the laws of Delaware with offices located at 726 Exchange Street, Suite 700, Buffalo, NY 14210, 2207 Niagara Street, Buffalo, NY 14207, and 700 Executive Center Drive, Suite 300, Greenville, SC 29615.  In Illinois its registered agent and its address is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield Illinois 62703.

7. Capital Management Services is engaged in the practice of attempting to collect debts that are in default through telephone phone calls.

8. Capital Management Services is a nationally licensed collection agency providing services for delinquent receivables.

9. Capital Management Services is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

## FACTS

10. Capital Management Services has been attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

11. Capital Management Services has a practice of contacting persons other than the debtor in an attempt to collect a debt.

12. On or about January 2010, Capital Management Services contacted Plaintiff's ex-wife and left a message directing Plaintiff to contact Capital Management Services using reference number 054803501.

13. Capital Management Services called Plaintiff and left a message directing Plaintiff to call 1-(877) 2119181 ext. 8776 and to use reference number 54803501.

14. Capital Management Services later called again Plaintiff's ex-wife and left a message directing Plaintiff to call 1-(800) 463-9293 use reference number 54803501.

15. On or about, January or February 2010 on a Tuesday at approximately 5:59 p.m. Capital Management Services called Plaintiff's telephone again and left a message instructing Plaintiff to call 1-(800) 463-9293 and to use reference number 54803501 when calling.

16. In none of the messages left by Capital Management Services described above did the caller state that they were a debt collector and the call was an attempt to collect a debt.

17. As a result of Capital Management Services' voice messages, Plaintiff has suffered an invasion of privacy and seclusion in that his ex-wife contacted him regarding the attempt to collect a debt and has suffered increased stress and aggravation.

## COUNT I
## FDCPA § 1692c

18. Plaintiff incorporates paragraphs 1-17 above.

19. FDCPA § 1692c provides:

> § 1692c. Communication in connection with debt collection [Section 805 of P.L.]
> (b) Communication with third parties--Except as provided in section

3

>1692b of this title [dealing with the location of consumers], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .

20. Capital Management Services' voice messages to Plaintiff's ex-wife described above violated 15 U.S.C. §1692c(b).

## COUNT II
## FDCPA § 1692e(11) VIOLATIONS

21. Plaintiff incorporates paragraphs 1-17 above.

22. 15 U.S.C. §1692e(11) provides:

>(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

23. Each of Capital Management Services' voice messages described above was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009); *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS

42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

24. Capital Management Services' voice messages described above did not disclose that the communication was from a debt collector.

25. Each of Capital Management Services' voice messages described above violated 15 U.S.C. § 1692e(11).

## COUNT III
## ILLINOIS COLLECTION AGENCY ACT VIOLATION

26. Plaintiff incorporates paragraphs 1-17 above.

27. Under Illinois Law the definition of "collection agency" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2.

28. Capital Management Services has registered itself as a collection agency with the Illinois Department of Financial and Professional Regulation.

29. Capital Management Services is a collection agency under Illinois Law as to its acts complained of herein.

30. A private right of action exists for violation of the ICAA including punitive damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009); *Thomas v. Arrow Fin. Servs., LLC*, No. 05 C 5699, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346 (N.D. Ill. Aug. 17, 2006); *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31. Capital Management Services violated the following provision of 225 ILCS 425/9.2:

> 225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection . . .
> (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the

5

prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory, compensatory and punitive damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**JURY DEMAND**

Plaintiff demands a trial by jury.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

6

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner<br>Curtis C. Warner

**NOTICE OF REQUEST FOR PRESERVATION OF EVIDENCE TO DEFENDANT**

Please be advised that Plaintiff is demanding that Defendant preserve the following relevant evidence:

A. All voice recordings of the voice messages described in this Complaint;

B. All manuals and scripts issued by Defendant regarding Defendant's collection practices and procedures that were in possession of the collectors who left the voice messages described in this Complaint along with the original format of the document including but not exclusively limited to Word, Word Perfect, .pdf, or Power Point.

C. The last known home address and home telephone number of the collectors who left the voice messages described in this Complaint and to timely supplement such information under Rule 26(a)(1) if the collector(s) is/are no longer employed by Defendant.

s/ Curtis C. Warner<br>Curtis C. Warner

Curtis C. Warner (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)